**UNITED STATES of America,**
Appellee,

v.

**Sandra TAVERA, Defendant–Appellant.**

**No. 05–4095–cr.**

United States Court of Appeals,
Second Circuit.

May 19, 2006.

B. Alan Seidler, New York, NY, for the Defendant–Appellant.

Jacob W. Buchdahl, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief; Karl Metzner, Assistant United States Attorney, of counsel), New York, NY, for the Appellee.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Sandra Tavera appeals from a judgment entered on July 21, 2005, sentencing her principally to 57 months' imprisonment, four years of supervised release, and a mandatory special assessment of $100 for conspiring to distribute and to possess with intent to distribute 100 grams and more of heroin in violation of 21 U.S.C. §§ 812, 841(a)(1),

and 841(b)(1)(B). We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

█ Tavera argues that her sentence is unreasonable because her mental and emotional condition justified a downward departure under the Guidelines. A district court's refusal to depart from the applicable Guideline range is not reviewable unless the court mistakenly believed it did not have the authority to depart or imposed an illegal sentence. *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir.2005). Because neither of these circumstances is present here, we are without authority to review the court's refusal to depart.

█ Tavera further argues that her sentence was unreasonable because she was entitled to a sentence outside the applicable Sentencing Guidelines range on the basis of her attempts post-arrest to cooperate with the government and because the district court failed to consider her troubled background. We review a district court's sentencing decision for reasonableness. *United States v. Booker*, 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). This Court has recognized that although a Guidelines sentence is not "presumptively reasonable," such a sentence will "in the overwhelming majority of cases . . . fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006); *see also United States v. Rubenstein*, 403 F.3d 93, 98 (2d Cir.2005) (noting that, after *Booker*, the Guidelines continue to serve as "a benchmark or a point of reference"). In this case, the district court imposed a sentence at the low end of the Guidelines range, stating that it had considered Tavera's attempts to cooperate with the government and explaining that "they help to some extent."

The court also explained that it had considered the § 3553(a) factors and that it was "not persuaded there is any reason to go below the guidelines range." "[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *Fernandez*, 443 F.3d at 30. In this case, record evidence confirms that the district court considered all of the relevant factors in calculating Tavera's sentence. Thus, we find that the sentence was reasonable.

For the foregoing reasons, the judgment of the district court is AFFIRMED.